UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAYMOND E. DOBSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-493 |
| | § | |
| MAJOR FERNANDEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER SEVERING AND TRANSFERRING CLAIM AGAINST PACK I UNIT DEFENDANT AND DISMISSING REMAINING CLAIMS

This is a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). For purposes of screening, Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against John D. Seigle, the Law Library Supervisor and Acting Grievance Officer at the Pack I Unit are severed from this case and transferred to the Houston Division of the Southern District of Texas. Plaintiff's remaining claims against the remaining Defendants are dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.     JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 8), this case was referred to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 9). *See* 28 U.S.C. § 636(c).

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Pack I Unit in Navasota, Texas. He is 72 years old and is serving two 15-year sentences out of Bexar County, Texas for aggravated sexual assault of a child. He was sentenced on May 15, 2012.

Plaintiff filed this lawsuit on December 22, 2014, and named as Defendants Major Fernandez, who is assigned to the Garza West Transfer Facility in Beeville, Texas, and John D. Seigle, the Law Library Supervisor and Grievance Investigator at the Pack I Unit. (D.E. 1). Plaintiff also named as a Defendant the TDCJ.

A *Spears*[1] hearing was held on January 21, 2015, following which, Plaintiff was given additional time to file an amended complaint. The following allegations were made in Plaintiff's original complaint (D.E. 1), amended complaint (D.E. 12), or at the evidentiary hearing:

Plaintiff arrived at the Garza West Unit on June 5, 2012. Within a short time of arriving there, certain inmates and staff learned about the nature of his criminal convictions and began threatening him with physical harm. Plaintiff reported these incidents and threats to Major Fernandez and filed a grievance, and in response, he was placed in administrative segregation pending a hearing before the Unit Classification Committee (UCC).

On June 19, 2012, Plaintiff appeared before a UCC that included Major Fernandez. Plaintiff requested a unit transfer based on the fact that other offenders knew details about his underlying offenses. Plaintiff claimed that another offender's wife worked for the TDCJ and had access to inmate files and must have leaked personal information about inmates, including Plaintiff, to the general population and prison staff. The UCC denied Plaintiff's transfer request; however, it did order that Plaintiff be moved away from the inmate who first confronted him about his criminal history. Despite the move, other inmates and staff continued to comment about Plaintiff's convictions and to make threats against him. On December 25, 2012, Plaintiff suffered a heart attack. He

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

attributes the heart attack to the stress of being in danger from inmates who knew of his criminal history.

Following his heart attack, on December 28, 2012, plaintiff was released from the hospital and returned briefly to the Garza Unit.  On January 5, 2013, he was transferred to the Pack I Unit.

At the Pack I Unit, Plaintiff requested various grievances forms from Mr. Seigle to complain about the fact that other inmates could gain information about the nature of the crimes of other offenders in violation of the Privacy Act.  Plaintiff complained also that prison gangs tended to target inmates based on the particular nature of their crimes. Plaintiff alleges Mr. Seigle refused to investigate Plaintiff's grievances properly and denied them.

### III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).   There is no vicarious or

*respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSISSION.

### A. Claims against John Seigle.

Plaintiff is suing John Seigle, the Pack I unit Law Library Supervisor and a Grievance Investigator. The Pack I Unit is located in Navasota, which is in Grimes

County, Texas. Grimes County is in the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Pursuant to the last sentence in Rule 21, the court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. *Wyndham Assoc. v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied,* 393 U.S. 977 (1968). *See also* 7 Wright*,* Miller & Kane, *Federal Practice and Procedure* § 1689 (3d ed. 2001).

Here, the adjudication of Plaintiff's claims against Defendant Seigle, located at the Pack I Unit in Grimes County, Texas, with his claims against Major Fernandez, located at the Garza West Unit, in Bee County, Texas, would be inefficient. His claims against Seigle concern the Pack I Unit law library grievances, and the First Amendment. His claims against Major Fernandez are brought under the Eighth Amendment for failure to protect. There is no common issue of fact. Moreover, Defendant Seigle would likely raise meritorious personal jurisdiction and venue defenses; at the very least, he would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient

disposition of the litigation. Accordingly, Plaintiff's claims against Defendant John D. Seigle are hereby severed and transferred to the United States District Court for the Southern District of Texas, Houston Division.

### B. TDCJ is Not a Proper Defendant.

Plaintiff is suing the TDCJ because it allegedly allows its employees to provide information regarding other offenders' crimes to the prison population and it allows gangs to selectively target offenders based on the nature of their underlying offense. However, § 1983 does not create a remedy against a state or state agency. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997). Moreover, the Eleventh Amendment prohibits suits at law or equity against entities that are considered "arms of the State." *See Will v. Michigan Department of State Police,* 491 U.S. 58, 70-71 (1989). The TDCJ is an agency of the State of Texas and is immune from suit under the Eleventh Amendment. *Harris v. Angelina County,* 31 F.3d 331, 338 (5th Cir. 1994) (citing *Ruiz v. Estelle,* 679 F.2d 1115, 1136-37 & n.75 (5th Cir. 1982) (dismissing claims against TDCJ predecessor because it was "merely an agency of the state"), *cert. denied,* 460 U.S. 1042 (1983). Thus, Plaintiff's claims against the TDCJ can be dismissed with prejudice for failure to state a claim.

### C. Claims against Major Fernandez.

Plaintiff has sued Major Fernandez in his official and individual capacities.

**(1) Eleventh Amendment bars claims against Fernandez in his official capacity.**

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983 for money damages.  *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Section 1983 does not waive a state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit.  *See Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984).

Plaintiff=s claims for compensatory and punitive damages against Major Fernandez in his official capacity are barred because claims against state officials in their official capacities are essentially claims against the State itself.[2]  *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (for purposes of § 1983 liability, a claim against a public official in his or her official capacity is in effect a suit against the state or local government he or she represents).  Thus, the Eleventh Amendment bars Plaintiff=s claims against Major Fernandez in his official capacity.

**(2)     Failure to protect.**

Plaintiff claims that, after his arrival on the Garza Unit, another offender learned about Plaintiff's underlying convictions for aggravated sexual assault of a child and that this information was then disseminating throughout the prison.  Thereafter, Plaintiff was "targeted" by other offenders, gangs, and prison staff which caused him stress and led to him suffering a heart attack on December 25, 2012.

---

[2] The Eleventh Amendment does not prohibit claims for injunctive relief against the State or individuals in their official capacities.  Plaintiff has sought injunctive relief against Defendant Seigle only.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Cantu*, 293 F.3d at 844 (citing *Farmer*, 511 at 847).  Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

Here, Plaintiff complains that other offenders learned of his convictions and he reported this fact to Major Fernandez.  In turn, Major Fernandez placed Plaintiff in administrative segregation, scheduled a UCC hearing, and thereafter, transferred him to a different area of the prison.  Although Plaintiff desired a transfer to a different prison, he does not suggest that Major Fernandez was aware of a serious risk to his health and safety and then ignored that risk.  To the contrary, Major Fernandez addressed Plaintiff's concerns and proposed a solution.

Moreover, Plaintiff does not suggest that he suffered any physical injury at the **hands of another offender** as a consequence of his criminal history being made public. He complains that he suffered stress which caused him to have a heart attack; however, this allegation is too tenuous to establish deliberate indifference.  *See e.g. Scott v. Goodwin,* 2010 WL 2926222, *3 (W.D. La. Jun. 29, 2010) (inmate's fears of being transferred with unshackled prisoners failed to state a cognizable failure to protect claim).

Furthermore, Plaintiff's allegations fail to demonstrate that he has sustained any physical injury as a result of the alleged failure to protect. Under the PLRA, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Heart disease is generally a condition which develops over time. Although Plaintiff complains of stress from the comments made by other inmates and staff, he is also 72 years old and in prison, a stressful situation in-and-of itself, and he cannot establish that the heart attack he suffered is attributable to Major Fernandez. Plaintiff fails to establish that Major Fernandez knew of a serious risk to Plaintiff's health or safety and then ignored that risk, in violation of the Eighth Amendment. Thus, Plaintiff's claims against Major Fernandez are dismissed for failure to state a claim and as frivolous.

## V. CONCLUSION.

For the reasons stated herein, Plaintiff's First Amendment claims against Defendant John D. Seigle are severed and transferred to the United States District Court for the Southern District of Texas, Houston Division. Plaintiff's claims against the TDCJ and Major Fernandez are dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**ORDERED this 27th day of March, 2015.**

_____
**Jason B. Libby**
**United States Magistrate Judge**